**In re Clinton Melvin IKNER, Jr., Debtor.**

**Linda L. LEE, f/k/a Linda Miller and Robert Peters, Plaintiffs–Appellants,**

v.

**Clinton Melvin IKNER, Jr., Defendant–Appellee.**

**No. 88–7526.**

United States Court of Appeals, Eleventh Circuit.

Sept. 15, 1989.

Theodore L. Hall, Mobile, Ala., for plaintiffs-appellants.

Reid, Friedman & Perloff, Barry A. Friedman, Mobile, Ala., for defendant-appellee.

Before CLARK and EDMONDSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

TUTTLE, Senior Circuit Judge:

This is an appeal by two judgment creditors from the judgment of the district court, affirming the decision of the bankruptcy court in an adversary proceeding. The bankruptcy court held that an Alabama judgment in favor of plaintiffs, resulting from an automobile accident, was dischargeable in bankruptcy.

### STATEMENT OF THE CASE

In January 1981, Linda L. Lee, formerly known as Linda Miller, and James Robert Peters filed suit against Clinton Melvin Ik-

ner in the Circuit Court of Mobile County, Alabama, for injuries caused by a collision between Ikner's car and that of Lee. Peters was driving Lee's car at the time and Lee was a passenger. The complaint contained two counts, one on negligence and the second on wantonness.

After a bench trial, the court found in favor of the plaintiffs on the second count and, without making findings of fact, entered judgment for plaintiffs on October 24, 1984. The Supreme Court of Alabama affirmed the decision on October 4, 1985. Thus, Ikner became liable for a judgment in favor of Lee and Peters in a total amount of $57,500. On May 1, 1986, Ikner filed a voluntary petition for bankruptcy under Chapter 7. Lee and Peters then instituted an adversary proceeding in the bankruptcy court, seeking a determination that under section 523(a)(6) of the Bankruptcy Code, the judgment debt was not dischargeable, because it was "for willful and malicious injury by the debtor," Ikner.[1]

Admitted in evidence in the adversary proceeding were the pleadings, the transcript of testimony and the judgment from the state court trial and the opinion of the state supreme court. In addition, the bankruptcy judge heard testimony regarding each party's version of the collision. The bankruptcy court held that the state court judgment was merely that Ikner's conduct was "wanton" and that there was not clear and convincing evidence before the bankruptcy court that the accident resulted from the debtor's willful and malicious or deliberate and intentional conduct. The court found the following:

In this case, the evidence clearly established that the debtor and Linda Lee had engaged in an often abusive relationship over a period of time. At the time of the accident, this relationship had ended, with the evidence proving that the parting was on amicable, if delicate, terms.

This Court does not doubt that Linda Lee saw the debtor driving alongside her

car or that the two cars collided as a result of which the occupants of Lee's car suffered personal injuries.

In a case under Section 523(a)(6), this Court cannot measure degrees of culpability.... While the debtor's past relationship with Linda Lee and his past conduct to her is reprehensible, this Court cannot find from inference or innuendo that in the specific instance of the automobile accident, the debtor deliberately and intentionally collided with Linda Lee's car and intended to cause the accident and subsequent injury to the vehicle's occupants.

Here, both parties gave plausible explanations as to the cause of the accident, but there is no clear and convincing evidence that the accident resulted from the debtor's intentional conduct.

The court held that the "willful and malicious" standard under the Bankruptcy Code thus was not met and the debt was, therefore, dischargeable.

Appellants moved for a new trial, amendment of judgment, and amendment or addition to findings of fact, principally claiming that the Alabama state court judgment precluded reconsideration by the bankruptcy court of the evidence and facts established in the state court proceedings. The bankruptcy court denied the motion. On appeal to the district court, the decision establishing the debt to be dischargeable was affirmed. In discussing whether the bankruptcy court erred by not applying the doctrine of collateral estoppel to the Alabama court's finding of wantonness, the district court stated:

Had the state court made specific findings of fact which, to use the language of *In re Latch,* [820 F.2d 1163 (11th Cir.1987),] "unambiguously establishe[d] 'wilfulness' and 'maliciousness'" on the debtor's part the result would be different. There does seem to be a distinction between wantonness, requiring an intent

---

**1.** Section 523 of the Bankruptcy Code provides: (a) A discharge under ... this title does not discharge an individual debtor from any debt—

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity. 11 U.S.C. sec. 523(a)(6).

to do an act, and willful and maliciousness which requires an intent to cause or produce an injury. As such, a finding of wantonness with no further factual findings does not satisfy the aforementioned requirements [for applying the doctrine of issue preclusion].

The court further upheld the bankruptcy court's determination that plaintiffs did not prove willful and malicious injury, for purposes of the Bankruptcy Code, by clear and convincing evidence. From the district court's decision, plaintiffs appealed to this court.

## DISCUSSION

### A. *Effect of the Alabama Judgment*

■ In order to except from discharge in bankruptcy an individual's debt under section 523(a)(6), the party seeking the exception must prove the willfulness and maliciousness of the act from which the debt arose by clear and convincing evidence. *Chrysler Credit Corp. v. Rebhan*, 842 F.2d 1257, 1262 (11th Cir.1988). Willful means intentional or deliberate and can not be established merely by applying a recklessness standard. *Id.* at 1262–63 (referring to S.Rep. No. 989, 95th Cong., 2d Sess. (1978), *reprinted in* U.S.Code Cong. & Ad.News 5787, 5865; H.R.Rep. No. 595, 95th Cong., 1st Sess. (1977), *reprinted in* 1978 U.S. Code Cong. & Ad.News 5963, 6320–21).

■ Appellants contend that the bankruptcy court was bound by the findings of the state trial court as to how the collision occurred, and is precluded by the doctrine of collateral estoppel from retrying the issue of willful and malicious injury. They maintain that the state court's finding of wantonness is proof that Ikner's conduct was "willful and malicious." The bankruptcy court was precluded from retrying an issue allegedly litigated in a prior proceeding only if:

(1) the issue at stake was identical to the one involved in the prior litigation;

(2) the issue was actually litigated in the prior litigation; and

(3) the determination of the issue in the prior litigation was a critical and necessary part of the judgment in that earlier action.

*In re Halpern*, 810 F.2d 1061, 1064 (11th Cir.1987).[2]

In asserting that a finding of willful and malicious injury was essential to a determination of wantonness, appellants rely predominantly upon the statement made by the Alabama Supreme Court in reviewing the judgment of the trial court:

There are two possible conclusions which could be drawn from the evidence presented in this case. Either the defendant [Ikner] intentionally injured the plaintiffs in a fit of jealousy or the plaintiffs, for no apparent reason other than inattention or intoxication, negligently ran into an innocent defendant.... We are not in a position to weigh the evidence.... Since there was credible evidence to support the trial court's findings, we must presume them to be correct.

*Ikner v. Miller*, 477 So.2d 387, 389 (Ala. 1985).

The Supreme Court simply held that it presumed the findings of the trial court to be correct on the issue of wantonness. Since the trial court did not make specific findings of fact, the Supreme Court's speculations as to what those findings were can hardly be considered conclusive findings of fact, as appellants argue.

The issue at stake in the Alabama trial was wantonness. The Alabama Supreme Court defined the standard for wantonness in *Lynn Strickland Sales and Service, Inc. v. Aero–Lane Fabricators, Inc.*, 510 So.2d 142 (Ala.1987), in which the court stated:

Implicit in wanton, willful, or reckless misconduct is an acting, with knowledge of danger, or with consciousness, that

---

**2.** To determine whether these conditions were satisfied, the bankruptcy court properly reviewed the entire record of the state proceeding and held a hearing at which the parties had the opportunity to offer evidence. *See Balbirer v. Austin*, 790 F.2d 1524, 1526 (11th Cir.1986) (determining the preclusive effect of a consent judgment).

the doing or not doing of some act will likely result in injury.

*Id.* at 145. The court then continued, citing *Smith v. Roland,* 243 Ala. 400, 403, 10 So.2d 367, 369 (1942):

> Before one can be convicted of wantonness, the facts must show that he was conscious of his conduct and conscious from his knowledge of existing conditions that injury would likely or probably result from his conduct, *that with reckless indifference to consequences,* he consciously and intentionally did some wrongful act or omitted some known duty which produced the injury.

510 So.2d at 145 (emphasis added). In describing the distinction between wantonness and negligence, the *Strickland* court cited Dooley's *Modern Tort Law,* sec. 4.22 (1982) at 117:

> Willful and wanton conduct has a well-defined meaning at law. It is sometimes expressed in terms of 'reckless disregard of the safety of another.'

510 So.2d at 146.

The Supreme Court of Alabama again addressed the issue of wantonness in *McDougle v. Shaddrix,* 534 So.2d 228 (Ala. 1988). The court stated: " 'Wantonness' is defined by the Court as the conscious doing of some act or the omission of some duty while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result." *Id.* at 231. The court found that the driver of a vehicle had engaged in wanton conduct by pulling out in front of an oncoming truck *"without regard* for the present danger." *Id.* at 232 (emphasis added).

Thus, although wantonness involves a conscious act and knowledge that injury is a likely consequence, the standard for wantonness under Alabama law seems to encompass an element of recklessness. By contrast, under the Bankruptcy Code, the willfulness prong of the "willful and malicious injury" exception to dischargeability can not be established by a mere showing of a reckless disregard of duty. *Chrysler Credit Corp. v. Rebhan,* 842 F.2d at 1262–63. Therefore, a more stringent standard applies in a proceeding to except a debt from discharge than applied in the trial on wantonness in the Alabama court.

In the absence of specific findings of fact, it can not be determined upon what basis of liability the Alabama judgment rests. Since wanton conduct seems to include an act done in reckless disregard of the rights of another, the judgment could have been based on such a finding, which is insufficient to except the debt from discharge under the Bankruptcy Code. On the record as a whole, it is impossible to divine whether the issue of willfulness, or even maliciousness, within the meaning of the Bankruptcy Code, was litigated or determined by that court. Such a determination certainly was not a critical and necessary part of the Alabama judgment.[3] The district court therefore did not err in affirming the bankruptcy court's refusal to be bound, in determining dischargeability, by the Alabama court's finding of wantonness.[4]

## B. *Determination of Dischargeability of Debt*

Once the bankruptcy court determined that the issue of willful and malicious inju-

---

3. This case is easily distinguishable from *In re Latch,* 820 F.2d 1163 (11th Cir.1987), upon which appellants rely. We held there that, in a prior litigation, the jurors' answers to forty-seven interrogatories relating to the culpability of each party and the jury verdict entered against the debtors for civil theft "undeniably established," in the context of the record as a whole, the willfulness and maliciousness of the debtors' actions for purposes of non-dischargeability. *Id.* at 1165. Here, the state trial court made no findings of fact and there were no special verdict interrogatories, as in *Latch.*

4. We need not reach the question whether a state court judgment actually based on a willful and malicious injury can ever be the basis of issue preclusion if the standard of proof in the state court is a preponderance of the evidence, since in the bankruptcy court the standard is clear and convincing evidence. *But see Latch, supra,* in which this Court, without discussing the different degrees of proof, found that such a prior judgment of the district court was binding on the bankruptcy court.

ry was not litigated or resolved in the Alabama proceeding, the bankruptcy court made its own determination of whether the standard was met to prevent the debt from being discharged. The court held that it could not find "from inference or innuendo that ... the debtor deliberately and intentionally collided with Linda Lee's car and intended to cause the accident and subsequent injury to the vehicle's occupants." On appeal, the district court affirmed the bankruptcy court's findings as not clearly erroneous.

The standard of "willful and malicious injury" under the discharge provision requires, as we have noted, a showing of an intentional or deliberate act, which is not done merely in reckless disregard of the rights of another. As to the "malicious" prong, we have defined that term as used in section 523 as "wrongful and without just cause or excessive even in the absence of personal hatred, spite or illwill." *In re Latch*, 820 F.2d at 1166 n. 4 (citation omitted). We further refined that definition in *Chrysler Credit, supra.* As we held there, "malice for purposes of section 523(a)(6) can be established by a finding of implied or constructive malice." 842 F.2d at 1263. Special malice need not be proved, *i.e.*, a showing of specific intent to harm another is not necessary. *Id.* Constructive or implied malice can be found if the nature of the act itself implies a sufficient degree of malice. *See United Bank of Southgate v. Nelson*, 35 B.R. 766, 769 (N.D.Ill.1983) (quoting *Tinker v. Colwell*, 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1904)).

The bankruptcy court applied the proper standard of willfulness. Furthermore, in finding that appellants did not prove *by inference or innuendo* that Ikner intended to cause the accident or resulting injury, the court applied the correct standard of maliciousness, *i.e.*, either special malice or implied or constructive malice. The bankruptcy court also properly required proof by clear and convincing evidence. *Chrysler Credit*, 842 F.2d at 1264. We, accordingly, affirm the judgment of the district court, affirming the bankruptcy court's decision.

AFFIRMED.