In re Gary R. MAZANDER, Debtor.

Craig S. WOOD PEEK, Plaintiff,

v.

Gary R. MAZANDER a/k/a G.R. Mazander, Defendant.

Bankruptcy No. 90-42321-172.
Adv. No. 90-4243-172.

United States Bankruptcy Court,
E.D. Missouri, E.D.

Aug. 22, 1991.

Robert J. Blackwell, Clayton, Mo., trustee.

Lea W. Clayton, Jr., Manchester, Mo., for plaintiff.

James A. Fredericks, Clayton, Mo., for debtor, defendant.

## MEMORANDUM OPINION

JAMES J. BARTA, Bankruptcy Judge.

The matter before the Court is an adversary proceeding to determine the dischargeability of a debt based upon the Debtor's failure to maintain worker's compensation insurance. This Memorandum Opinion and the related Order are based upon consideration of the parties' testimony, oral argument and written memoranda of law.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)–(I). The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. §§ 151, 157, and 1334, and Rule 29 of the Local Rules of the United States District Court for the Eastern District of Missouri.

The Plaintiff, Craig S. Wood Peek, had been hired by the Debtor as a construction worker. While so employed at one of the Debtor's construction sites on August 21, 1987, the Plaintiff was injured when he fell from a ladder. Thereafter, pursuant to Missouri Revised Statutes, § 287.010, *et seq.*, the Plaintiff filed a claim for worker's compensation with the Missouri Division of Worker's Compensation. After a hearing, the Plaintiff was awarded a judgment in the amount of $6,589.40. Although the Debtor had testified that he believed that the Plaintiff's wages were paid from corporate accounts, the worker's compensation judgment was entered against the Debtor individually as the employer and not against a separate corporation.

Pursuant to Section 287.280.1 of the Revised Statutes of Missouri, an employer is to insure its liability for work-related injuries "with some insurance carrier authorized to insure such liability in this state." At the time of this accident, the Debtor did not carry such insurance. The Plaintiff has requested that, as a result of the Debtor's willful and malicious conduct in refusing to carry worker's compensation insurance, the Missouri judgment award should be determined to be not dischargeable in this Bankruptcy case.

█ The Debtor has presented several arguments in his defense. Initially he urges that the judgment debt should be discharged because it was improperly obtained in that he was not adequately represented by legal counsel in the state administrative proceeding. However, the Debtor testified at the Bankruptcy trial that he had been present and had offered testimony at the compensation hearing, and that his interests were represented by legal counsel at that time. Upon consideration of this testimony and the arguments of Counsel at this trial, the Bankruptcy Court ruled from the bench that this argument constituted a collateral attack on the nonbankruptcy judgment which should more

properly be presented in the non-bankruptcy workers' compensation process. The defense of inadequate legal representation was based solely on the Debtor's testimony during the Bankruptcy trial and lacked any substantive corroboration. Furthermore, the Court has determined that the record here indicates that the non-bankruptcy matter was fully and fairly litigated. Therefore, the Debtor's request in this proceeding to set aside the workers' compensation award on the basis of allegedly inadequate legal representation is denied. The Debtor's remaining defenses will be addressed below.

■ The issue presented here is whether or not a debt based upon a worker's compensation award is excepted from discharge as a willful and malicious injury pursuant to 11 U.S.C. § 523(a)(6), because, prior to the commencement of this case, the Debtor had failed to obtain worker's compensation insurance. This determination of non-dischargeability is a Bankruptcy question. In this proceeding, pursuant to Section 523(a)(6), the Plaintiff bears the burden of proving his case by a preponderance of the evidence. *Grogan v. Garner,* — U.S. ——, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

In his post-trial brief, the Plaintiff has argued that the worker's compensation award is not dischargeable because the Defendant willfully and maliciously caused injury to the property of the Plaintiff by intentionally and knowingly failing to purchase insurance protection as required by law. He has argued further that the failure to maintain the statutorily required worker's compensation insurance constitutes an act which is willful and malicious in that it is an intentional act which injured the interest of the Plaintiff.

The Debtor did not cause the physical injury which the Plaintiff suffered. The parties have agreed that there is nothing in this record which suggests that the Debtor acted in any way to cause the Plaintiff to fall from a ladder and sustain a leg injury. The question being considered here concerns only the Debtor's actions in not providing worker's compensation insurance.

■ The initial inquiry concerns whether or not the mere failure to obtain or maintain worker's compensation insurance is, without further inquiry, a willful and malicious injury (the *per se* rule). Unlike other subparagraphs in Section 523(a) which describe specific debts that are not dischargeable [1], subparagraph (6) refers to a category of debts which are to be determined to have been "for willful and malicious injury by the Debtor." The failure to provide worker's compensation insurance is not specifically listed in Section 523(a). Therefore, the mere failure to provide such insurance is not, by operation of statutory law, a willful and malicious injury by a debtor which is not dischargeable in a Bankruptcy case.

■ Notwithstanding the absence of a specific Bankruptcy Code reference to a failure to provide worker's compensation insurance, the Plaintiff has suggested that such a failure, by itself, is inherently a willful and malicious injury which requires a determination of non-dischargeability without further inquiry. Absent a specific congressional directive to that effect, however, the Court is unwilling to extract such a conclusion from the present law. Therefore, the act of failing to provide worker's compensation insurance does not, in every instance, give rise to a willful and malicious injury.[2] A further inquiry is required. It is possible that upon examination of the circumstances, a court may determine that the failure to provide such insurance in a

---

**1.** Some specific debts which are subject to non-dischargeability under Section 523(a) are: taxes, unlisted debts, alimony, maintenance, child support, fines, penalties and forfeitures.

**2.** Some courts have suggested a contrary conclusion. For example, *In re Erickson,* 89 B.R. 850 (Bankr.D.Idaho 1988); *Matter of Holmes,* 53 B.R. 268, 270 (Bankr.W.D.Pa.1985) (it is noted that additional aggravating circumstances were shown to have existed in this case); *In re Strauss,* 99 B.R. 396, 400 (N.D.Ill.1989) (however, the District Court additionally determined that the debtor *certainly* knew that his failure to obtain worker's compensation insurance would cause injury to the plaintiff).

particular case was a willful and malicious injury.

Malice and willfulness are two different characteristics. "Willful" standing alone, means intentional or deliberate; headstrong and knowing. *In re Long,* 774 F.2d 875, 881 (8th Cir.1985); *Matter of Morgan,* 22 B.R. 38, 39 (Bankr.D.Neb.1982); *In re Tanner,* 31 B.R. 338, 339 (Bankr.S.D.Fla. 1983). The Debtor's act of failing to provide worker's compensation insurance was a willful act. However, Section 523(a)(6) is intended to allow discharge of liability for injuries unless the debtor intentionally inflicted an injury. *In re Long,* 774 F.2d 875, 882 (8th Cir.1985); *Cassidy v. Minihan,* 794 F.2d 340, 344 (8th Cir.1986); *Matter of Hampel,* 110 B.R. 88, 93 (Bankr.M.D.Ga. 1990). *In the Matter of Hartley,* 100 B.R. 477, 479 (W.D.Mo.1988), aff'd en banc 874 F.2d 1254 (8th Cir.1989).

As noted above, the Plaintiff's physical injury was the basis for an award in the amount of $6,589.40. The Debtor did not intentionally inflict this physical injury. However, the Plaintiff holds a right to receive the property which is the value of the compensation award. The Debtor's failure to provide worker's compensation insurance as required by law has injured the Plaintiff's property right in that the Plaintiff is unable to receive the value of the award from this insurance fund. If this injury to the property of another was willful and malicious in these circumstances, the debt is not dischargeable in this Chapter 7 case.

The Plaintiff then must establish that the Debtor intended to cause the injury to his property right if the debt is to be determined to be not discharged under Section 523(a)(6). Although intentional harm is the standard in the Eighth Circuit, an act is intentional when "the actor desires to cause consequences of his act, or ... he believes that the consequences are substantially certain to result from it." *Matter of Hartley, supra* at 479 (quoting Restatement (Second) of Torts, Section 8A).

The Debtor willfully and wrongfully failed to provide worker's compensation insurance. However, the record here has failed to establish that he intended to injure the property interests of this Plaintiff or of the interests of other employees who may have been similarly situated, or that he believed that the injury was substantially certain to result from the absence of insurance fund. *See, Hampel, supra,* 91–93. The record has not established that the Debtor acted with actual malice or that his conduct was targeted at the creditor, at least in the sense that the conduct was certain or almost certain to cause financial harm. The Plaintiff must show conduct on the part of the Debtor which is more culpable than that which is in reckless disregard of the Plaintiff's economic interests and expectancies. *In re Long, supra* at 881. Such conduct has not been shown here.

In the circumstances presented here, the record has not established that the debt is based upon a willful and malicious injury by the Debtor.

## ORDER

Upon consideration of the record as a whole, and consistent with the Memorandum Opinion entered in this matter,

IT IS ORDERED that this hearing is concluded; and that the Plaintiff's complaint to determine that the debt based upon a nonbankruptcy award in a worker's compensation proceeding is not dischargeable in this case as being based upon a willful and malicious injury by the Debtor is DENIED; and that the Debtor's request to determine that said debt is dischargeable is GRANTED; and that the Plaintiff's other requests in the Complaint are DENIED consistent with the Memorandum Opinion.