**Stanley SZEWCZYK, Appellant,**

v.

**Joseph WOJTASZEK, Appellee.**

No. 93 C 5577.

United States District Court, N.D. Illinois, E.D.

Feb. 8, 1994.

**605**

David M. Moss, Ray, Moss & Associates, P.C., Clinton, IL, for appellant.

Jeffrey F. Kohan, Zalutsky & Pinski, Ltd., Chicago, IL, for appellee.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

This matter comes before us on Stanley Szewczyk's appeal from a final judgment order of the United States Bankruptcy Court for the Northern District of Illinois. For the reasons set forth below, we affirm the decision of the bankruptcy court.

### I. Background

Appellee Joseph Wojtaszek, a Polish immigrant who neither reads nor speaks English, owns and operates a construction firm, Southwest Construction. On June 24, 1990, Wojtaszek entered into a contract with George Chee to perform improvements on Chee's building. The contract, which was drafted by Wojtaszek's nephew, stated that Wojtaszek would provide workers' compensation insurance for all of his employees. On July 10, 1990, appellant Stanley Szewczyk, who was working as a tuckpointer for Wojtaszek on Chee's building, fell from a scaffold and sustained injury. He filed a claim for workers' compensation benefits with the Illinois Industrial Commission, which in turn found that (1) Szewczyk was an employee of Wojtaszek; and (2) Wojtaszek was conducting business in an area considered "extra-hazardous," and thus was required to carry workers' compensation insurance. Accordingly, the Commission gave Szewczyk a workers' compensation award. As it turned out, however, Wojtaszek did not have workers' compensation insurance at the time of Szewczyk's injury, despite the provision in the contract to the contrary. As a result, at least a portion of Szewczyk's claim, in the amount of $38,775.54, has gone unpaid.

On April 23, 1992, Wojtaszek filed a petition under Chapter 7 of the Bankruptcy Code, and Szewczyk was listed as a creditor. On July 30, 1992, Szewczyk filed a complaint to determine dischargeability. He asserted that Wojtaszek's failure to procure workers' compensation insurance was "willful and malicious," and that the debt was therefore nondischargeable pursuant to 11 U.S.C. 523(a)(6). The bankruptcy court held a trial on the issue on March, 17 1993, and concluded that, although Wojtaszek's failure to procure workers' compensation insurance was "malicious," it was not "willful," as that term is applied under the Bankruptcy Code. Szewczyk now appeals that ruling.

### II. Standard of Review

When reviewing bankruptcy court decisions, this court acts as an appellate court. Fed.R.Bankr.P. 8013. Accordingly, this court will review the lower court's findings of fact for clear error and will review de novo the bankruptcy court's conclusions of law. *In re Supreme Plastics, Inc.,* 8 B.R. 730, 734 (N.D.Ill.1980).

### III. Discussion

The only issue on this appeal is whether Wojtaszek's failure to obtain the requisite insurance was "willful" under Section 523 of the Bankruptcy Code. That section, entitled "Exceptions to discharge," provides as follows:

(a) A discharge under ... this title does not discharge an individual debtor from any debt—

....

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity....

11 U.S.C. § 523(a) (1993). As applied in this section, "willful" has been variously defined as deliberate, intentional, and/or knowing. *See, e.g., In re Kemmerer,* 156 B.R. 806, 808 (Bankr.S.D.Ind.1993) ("deliberate or intentional"); *In re Mazander,* 130 B.R. 534, 537 (Bankr.E.D.Mo.1991) ("intentional or deliberate; headstrong and knowing"); *In re Strauss,* 86 B.R. 559, 560 (Bankr.N.D.Ill. 1988) ("intentional or deliberate"), *aff'd,* 99

B.R. 396 (N.D.Ill.1989); *cf.* Black's Law Dictionary 1599 (6th ed. 1990) ("Proceeding from a conscious motion of the will; voluntary; knowingly; deliberate."). Szewczyk sets forth essentially two arguments in support of his assertion that Wojtaszek acted willfully. He first asserts that Wojtaszek had actual knowledge that he was required to carry workers' compensation insurance, and he therefore acted "knowingly" in failing to do so. However, the bankruptcy court expressly found to the contrary:

> [T]here is no evidence which indicates that the Defendant knew that he was required to carry Workers Compensation Insurance.... The Defendant did not know he was required to carry insurance, and for this reason, he lacks the intent [to] deprive the Plaintiff of his statutory right of insurance protection.

Op. at 6. In his brief, Szewczyk counters that "a reasonable interpretation of the testimony at trial leads to the conclusion that Wojtaszek knew the terms of the contract entered into, including the provision indicating that he had worker's compensation insurance." However, a "reasonable interpretation" different than that reached by the bankruptcy court is clearly not enough; as noted above, the court's finding of fact must be clearly erroneous for us to overturn it. Because Szewczyk has not even asserted that he can meet this standard, and because we do not independently believe that it has been met, we reject Szewczyk's argument regarding Wojtaszek's actual knowledge.

In the alternative, Szewczyk sets forth the old adage "ignorance of the law is no excuse" and claims that Wojtaszek had constructive knowledge of the insurance requirement, and was therefore constructively willful in his failure to obtain it. In the abstract, and even sometimes in practice, this argument has appeal.[1] In the bankruptcy context, however, it must fail. It is axiomatic that "[t]he discharge provisions of section 523 are construed strictly against the creditor and liberally in favor of the debtor." *In re Betts,* 149 B.R. 891, 895 (Bankr.N.D.Ill.1993) (citing *In re Zarzynski,* 771 F.2d 304, 306 (7th Cir.1985)). A holding that constructive knowledge suffices to establish willfulness under section 523 would reverse this rule of construction in favor of the creditor. Indeed, the interpretation urged by Szewczyk would make nondischargeable *all* debts resulting from a debtor's failure to carry workers' compensation insurance, whether intentional, reckless, or even negligent. This result is clearly at odds with both section 523 and essentially every case discussing the "willful and malicious" exception.[2] Because Szewczyk remains unable to demonstrate that Wojtaszek acted willfully in failing to obtain workers' compensation insurance, he is not entitled a finding of nondischargeability.

## IV. Conclusion

For the reasons set forth above, the bankruptcy court's judgment is affirmed. It is so ordered.

---

1. Although neither party has expressly argued it, we note that constructive knowledge has been found sufficient to satisfy a "willfulness" requirement in other contexts. *See, e.g., Mattice v. United States,* 969 F.2d 818, 822 (9th Cir.1992) (under California and Nevada law, one element of "willful and malicious failure to guard or warn against a dangerous condition" is actual or constructive knowledge of the danger); *N.A.S. Import v. Chenson Enter., Inc.,* 968 F.2d 250, 252–53 (2d Cir.1992) (under Copyright Act, "willful infringement" requires demonstration of actual or constructive knowledge that activity at issue was infringing). However, as discussed further above, an expansive view of "willful" is inappropriate here, given the pro-debtor intent of the statute and the practical effect that such a view would have.

2. We also note that Szewczyk has failed to identify any caselaw which has allowed constructive knowledge to satisfy the willfulness requirement in this context. Indeed, the only case which even arguably supports Szewczyk's "constructive knowledge" argument is *In re Strauss,* 86 B.R. 559 (Bankr.N.D.Ill.1988), *aff'd,* 99 B.R. 396 (N.D.Ill.1989). There the court made a general statement that "[t]o fail to carry adequate insurance or be in a position to self-insure is an intentional act done with knowledge that the act will harm his employee's interests." *Id.* at 560. However, there is no suggestion in the opinion that the defendant lacked actual knowledge of the insurance requirement, nor does the court expressly state that constructive knowledge would suffice.