**In the Matter of Embry Robertson
BAILEY, Phyllis H. Bailey,
Debtors.**

**Embry Robertson BAILEY, Plaintiff,**

**v.**

**Marvin CHATHAM, Defendant.**

**Bankruptcy No. N93–10204–WHD.
Adv. No. 93–1040N.**

United States Bankruptcy Court,
N.D. Georgia,
Newnan Division.

Aug. 29, 1994.

Robert B. Whatley, Law Offices of Robert B. Whatley, P.C., La Grange, GA, for plaintiff.

Lee R. Hasty, Hasty & Wingo, P.C., La Grange, GA, for defendant.

## *ORDER*

W. HOMER DRAKE, Jr., Bankruptcy Judge.

This matter comes before the Court on the cross Motions for Summary Judgment, filed by Embry Robertson Bailey (hereinafter "Plaintiff") and Marvin Chatham (hereinafter "Defendant"). These Motions involve the determination as to the dischargeability of particular debts. As such, this matter is a core proceeding over which this Court has jurisdiction. *See* 28 U.S.C. § 157(b)(2)(I). The Court will makes its decision based upon the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

In view of a stipulation between the parties, the material facts of this proceeding are undisputed. From 1989 to 1991, the Defendant was employed by a partnership, PMLH Building Systems, Ltd., (hereinafter "PMLH") as a carpenter helper. The duties of his job included operating carpentry equipment, cutting logs with chain saws, handling logs weighing over one hundred pounds, and climbing and working on scaffolds. *See* Chatham Aff. at ¶ 3 (June 30, 1994). During the time of the Defendant's employment, the Plaintiff was the manager and general partner of this business. As an employer, PMLH was required by the law of the State of Georgia to carry workers' compensation insurance. *See* O.C.G.A. § 34–9–2. The Plaintiff was aware of this requirement,

but nevertheless, PMLH failed to obtain the necessary insurance.

On March 1, 1991, the Defendant incurred an injury arising out of and during the course of his employment with PMLH when he suffered a fractured leg. He remained totally disabled from this accident up to September 1, 1991. At that time, he returned to work with PMLH in a light-duty status. Unfortunately, upon returning to his employer, the Defendant's condition immediately worsened, and he became permanently disabled. As such, the Defendant has been unable to work due to his injuries suffered while working for PMLH. In accordance with state law administrative procedures, the Defendant brought a workers' compensation claim against PMLH, eventually receiving an award. Without insurance, however, PMLH was unable to cover all the costs awarded to the Defendant.

Some time after the Defendant suffered his injury on the job, the partnership PMLH filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code, and the Defendant's claim was scheduled as a debt. Eventually, the case was converted to one under Chapter 7. As an unsecured creditor, the Defendant received no distribution as all the partnership's assets were pledged to a secured creditor. Subsequently, the Plaintiff filed a joint bankruptcy petition in this Court with his wife under Chapter 7 of the Bankruptcy Code. He has scheduled the Defendant as an unsecured priority creditor and is attempting to discharge the defendant's workers' compensation claim through bankruptcy.[1]

### CONCLUSIONS OF LAW

The sole issue before the Court in this adversary proceeding is whether an award for injuries sustained by an employee is excepted from discharge when an employer fails to maintain workers' compensation insurance. At the outset, the Court notes that general policy considerations dictate that exceptions to discharge be construed strictly against the creditor and liberally in

---

1. Under Georgia law, an employee is entitled to sue an agent of a former employer for damages allegedly resulting from the agent's failure to procure workers' compensation insurance.

*Samuel v. Baitcher,* 247 Ga. 71, 73–74, 274 S.E.2d 327 (1981). Therefore, the Plaintiff, as the manager and general partner of PMLH, is liable to the Defendant.

favor of the honest debtor. *St. Laurent v. Ambrose (In re St. Laurent)*, 991 F.2d 672, 680 (11th Cir.1993); *Schweig v. Hunter (In re Hunter)*, 780 F.2d 1577, 1579 (11th Cir. 1986). Moreover, the party objecting to discharge carries the burden of establishing by a preponderance of the evidence that the debts in question are excepted from discharge. *Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991).

■ In the case *sub judice*, the Plaintiff relies upon the following provision from the Bankruptcy Code in objecting to discharge:

> A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—
>
> > (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

11 U.S.C. § 523(a)(6). In order to satisfy the "willful" requirement, the party objecting to discharge must show that the debtor acted intentionally and deliberately in causing the injury. *Lee v. Ikner (In re Ikner)*, 883 F.2d 986, 989 (11th Cir.1989); *Chrysler Credit Corp. v. Rebhan*, 842 F.2d 1257, 1264 (11th Cir.1988); *Blashke v. Standard (In re Standard)*, 123 B.R. 444, 449 (Bankr.N.D.Ga.1991) (Bihary, B.J.). Moreover, the "malicious" prong of this provision requires a showing of an injury that is wrongful and without just cause or excessive even in the absence of personal hatred, spite, or ill will. *Ikner*, 883 F.2d at 991; *Sunco Sales, Inc. v. Latch (In re Latch)*, 820 F.2d 1163, 1166 n. 4 (11th Cir.1987). A showing of reckless disregard for the rights of others, however, is not sufficient for the purposes of 11 U.S.C. § 523(a)(6) to establish a willful and malicious injury. *American Cast Iron Pipe Co. v. Wrenn (In re Wrenn)*, 791 F.2d 1542, 1544 (11th Cir.1986); *Standard*, 123 B.R. at 449. Instead, the debtor's conduct needs to create a certainty or substantial certainty of harm to the creditor. *Transamerica Comm. Fin. Corp. v. Littleton (In re Littleton)*, 942 F.2d 551, 555 (9th Cir.1991); *Barclays Am. Business Credit, Inc. v. Long (In re Long)*, 774 F.2d 875, 881 (8th Cir.1985).

■ Two divergent lines of authority have developed on the issue of whether the failure

to carry workers' compensation insurance creates a willful and malicious injury. Courts following what appears to be the majority opinion have concluded that such conduct by a debtor does *not* come within the scope of 11 U.S.C. § 523(a)(6). The reason for these decisions is that the debtor's failure to obtain insurance is not the direct cause of the creditor's injury. As one court has stated:

> Even if an employer's failure to provide Workers' Compensation insurance is willful, wrongful, and without just cause or excuse, it is not "malicious" because harm to an employee is not substantially certain to follow. Failure to provide such insurance deprives an employee of one avenue of compensation should an [sic] work related injury occur, and the possibility of such an injury is foreseeable. However, possibility is not substantial certainty, and substantial certainty of harm is necessary under section 523(a)(6).

*Morton v. Kemmerer (In re Kemmerer)*, 156 B.R. 806, 809–10 (Bankr.S.D.Ind.1993); *see, e.g., Silva v. Frias (In re Frias)*, 153 B.R. 6, 8 (Bankr.D.R.I.1993) (failure to obtain insurance did not *per se* cause physical or financial injury to creditor); *Wood Peek v. Mazander (In re Mazander)*, 130 B.R. 534, 537 (Bankr. E.D.Mo.1991) (conduct was not certain or almost certain to cause harm to creditor); *Eaves v. Hampel (In re Hampel)*, 110 B.R. 88, 93 (Bankr.M.D.Ga.1990) (noting that "failure to obtain insurance coverage did not unleash an unbroken causative chain" which led to creditor's injury); *see also Collora v. Leahy (In re Leahy)*, 170 B.R. 10, 16 (Bankr. D.Maine 1994); *Szewczyk v. Wojtaszek*, 164 B.R. 604, 606 (N.D.Ill.1994); *Holt v. France (In re France)*, 138 B.R. 968, 973 (D.Colo. 1992); *Denehy v. Zalowski (In re Zalowski)*, 107 B.R. 431, 434 (Bankr.D.Mass.1989); *Samuel v. Baitcher (In re Baitcher)*, 36 B.R. 588, 594 (Bankr.N.D.Ga.1983) (Kahn, C.J.); *Aldridge v. Scott (In re Scott)*, 13 B.R. 25, 26–27 (Bankr.C.D.Ill.1981). Instead, the failure to have insurance is an act of reckless disregard which is insufficient to establish willful and malicious conduct. *Mazander*,

130 B.R. at 537; *Hampel,* 110 B.R. at 91.[2]

In contrast, a minority of courts have held that a debtor's failure to maintain workers' compensation insurance as required by state law gives rise to a willful and malicious debt within the meaning of 11 U.S.C. § 523(a)(6). In making this conclusion, these courts emphasize that an employer's failure to maintain insurance is an intentional act that could result in a foreseeable loss to the employee. Moreover, by failing to act, the employer violated the employee's right to be covered by this insurance in the event an injury occurred during the course of employment. *See, e.g., Hester v. Saturday (In re Saturday),* 138 B.R. 132, 136–37 (Bankr.S.D.Ga. 1991) (noting that a foreseeable injury necessarily is malicious); *Strauss v. Zielinski (In re Strauss),* 99 B.R. 396, 399–400 (N.D.Ill. 1989) (failure to carry insurance foreseeably injures employee's statutory right to insurance benefits); *see also Hilliard v. Peel (In re Peel),* 166 B.R. 735, 738–39 (Bankr. W.D.Okla.1994); *Vig v. Erickson (In re Erickson),* 89 B.R. 850, 852 (Bankr.D.Idaho 1988); *Juliano v. Holmes (In re Holmes),* 53 B.R. 268, 270 (Bankr.W.D.Pa.1985).

While the Court finds merit in both lines of authority on this issue, it believes that the majority position is the better one, particularly when viewed with the facts of this case. The Court notes that the Plaintiff's conduct of not having workers' compensation insurance appears to be intentional, and as such, is willful. Nevertheless, "willful conduct" is not the ultimate focus of 11 U.S.C. § 523(a)(6), as the language of this provision requires a willful *injury. Accord Hampel,* 110 B.R. at 93 (noting that Bankruptcy Code does not state "willful and malicious act which causes injury"). Considering the facts of this case, the Court concludes that the Plaintiff's failure to have the insurance did not directly or necessarily create a willful injury.

■ In addition, the Court questions whether the Plaintiff's conduct truly can be characterized as causing a "malicious" injury. Specifically, the failure to have the insurance creates the possibility that a financial harm may occur in the future. An injury that is foreseeable should some intervening event occur, however, is not *per se* malicious, although courts following the minority position appear to adopt such a point of view. *See, e.g., Saturday,* 138 B.R. at 136. Based upon the facts of this case, the Court cannot find that there was a substantial certainty that the Defendant would suffer a harm when PMLH did not procure workers' compensation insurance. Instead, the Court concludes that the Plaintiff acted with reckless disregard of the Defendant's rights. As previously stated, however, a reckless disregard is insufficient for the purposes of 11 U.S.C. § 523(a)(6). *Wrenn,* 791 F.2d at 1544.

The true "injury" found in this case is one the Defendant suffered while on the job. The Defendant did *not* incur this injury at the time the Plaintiff failed to obtain workers' compensation insurance. Moreover, the injury the Defendant suffered ordinarily is not a "willful and malicious" one in and of itself, and as such, would be discharged in bankruptcy. Nevertheless, the Defendant is trying to tie his injury into the Plaintiff's failure to have insurance. This fact, however, is not sufficient to create a willful and malicious injury out of an otherwise dischargeable debt. To reach such a conclusion, the Court would have to give 11 U.S.C. § 523(a)(6) a broad, expansive reading, which would be contrary to the Eleventh Circuit's rule of strict construction found in *St. Laurent,* 991 F.2d at 680, and *Hunter,* 780 F.2d at 1579.[3]

---

2. In an analogous situation, courts almost uniformly have held that the failure of a driver to maintain automobile insurance as required by law is not willful and malicious conduct within the meaning of 11 U.S.C. § 523(a)(6). *See, e.g., LSI Fin. Group v. Perry (In re Perry),* 166 B.R. 319, 321–22 (Bankr.M.D.Tenn.1994); *Basham v. Druen (In re Druen),* 121 B.R. 509, 512 (Bankr. W.D.Ky.1990); *Pichardo v. Granda (In re Granda),* 98 B.R. 598, 599 (Bankr.S.D.Fla.1989); *Pec-*

*har v. Moore,* 98 B.R. 488, 489–90 (D.Neb.1988); *Pritchard v. Eberhardt (In re Eberhardt),* 92 B.R. 773, 776–77 (Bankr.E.D.Tenn.1988).

3. The Court points out that facts may exist in some cases to find that an employer's failure to procure insurance creates a willful and malicious injury. The facts of this proceeding, however, do not support such a finding.

CONCLUSION

In view of the uncontested facts of this case, the Court concludes that the Plaintiff's failure to maintain workers' compensation insurance did not give rise to a willful and malicious injury within the meaning of 11 U.S.C. § 523(a)(6). Therefore, the Plaintiff's Motion for Summary Judgment is hereby **GRANTED,** and the Defendant's Motion for Summary Judgment is **DENIED.** The Court will enter a separate judgment in favor of the Plaintiff.

**IT IS SO ORDERED.**