In re Clifton E. BROCK, Debtor.

Nathaniel HERNDON, Plaintiff,

v.

Clifton E. BROCK, Defendant.

Bankruptcy No. A93–65517–REB.
Adv. No. 93–6512.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

June 8, 1995.

Michael Jablonski, Savell & Williams, Atlanta, GA, for plaintiff.

James L. Paul, Matthew J. McCoyd, Johnson & Montgomery, Atlanta, GA, Frank C. Vann, Camilla, GA, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

ROBERT E. BRIZENDINE, District Judge.

This adversary proceeding is before the Court on cross-motions for summary judgment. In his complaint, Plaintiff seeks a determination that his worker's compensation claim is nondischargeable pursuant to 11 U.S.C. § 523(a)(6). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). Upon consideration of the motions and the record, the Court concludes that Defendant–Debtor's motion should be granted and Plaintiff's motion should be denied.

The undisputed material facts are as follows. Plaintiff holds an unsecured claim against the above-named bankruptcy estate in the amount of $74,599.34 pursuant to a worker's compensation award and a judgment entered by the Superior Court of Hart County, Georgia. Plaintiff was employed as a laborer by Defendant d/b/a Southern Erection & Fabrication while Defendant was erecting a metal building as a subcontractor on the site of the Savannah Valley Egg Company. On March 14, 1991, Plaintiff suffered certain injuries from a fall from the roof of the building. Subsequently, at a worker's compensation hearing, which Defendant failed to attend, an award was entered in favor of Plaintiff and against Defendant.

██ Although the administrative law judge concluded that Plaintiff tripped on some insulation, Defendant alleges that Plaintiff was behaving recklessly at the time of the accident. Plaintiff suffered severe injuries including closed-head trauma and broken bones, and he underwent surgery as a result of his injuries. Plaintiff was unable to work for a substantial period of time and has incurred over $50,000 in medical bills. Defendant acknowledges that he did not provide worker's compensation insurance coverage for Plaintiff on the date of the accident, but he maintains, contrary to the findings of the administrative law judge, that his failure to provide such insurance was based on a good faith understanding that he was not required to do so.[1]

██ Plaintiff asserts that Defendant's failure to provide such insurance constitutes a willful and malicious injury on the part of Plaintiff and that his claim for damages is, therefore, nondischargeable under 11 U.S.C. § 523(a)(6). This subsection provides as follows:

A discharge under section 727 ... does not discharge an individual debtor from any debt—

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

11 U.S.C. § 523(a)(6). Under this provision, a creditor must establish both willful and malicious, two different mental traits. Further, these elements must be proven by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). First, "willful" is defined as intentional or deliberate and is more fully discussed hereinafter. Secondly, "malicious" is defined in terms of wrongfulness and without just cause or excuse. Although a finding of recklessness or reckless disregard can be used to establish malice, it is not sufficient to show willfulness. *See Blashke v. Standard (In re Standard),* 123 B.R. 444, 449 (Bankr.N.D.Ga.1991). Further, constructive or implied malice may be established by showing that a debtor proceeded to perform an act with knowledge that it would harm the interest of another. Such knowledge can be proven by inference, and a specific intent to harm the plaintiff or actual ill-will is not required to prove maliciousness. *See Lee v. Ikner (In re Ikner),* 883 F.2d 986, 991 (11th Cir.1989); *Chrysler Credit Corp. v. Rebhan,* 842 F.2d 1257, 1263 (11th Cir.1988).

1. Defendant asserts that he did not attend the administrative law hearing because he did not receive notice of same. It is not disclosed, however, whether he sought redress on this issue in that forum and such matter will not be inquired into in this proceeding. In any event, the legal determination of nondischargeability under Section 523(a)(6) is a question for this Court to decide, although administrative fact-finding that has been reviewed by the worker's compensation board or by a state court may be accorded preclusive effect. *See generally Walters v. Betts (In re Betts),* 174 B.R. 636 (Bankr.N.D.Ga.1994).

The meaning of the term "willful" has been subject to competing interpretations. It has been construed as describing either (1) the intent associated with the act which results in injury, as in the case of deliberate or voluntary action; or (2) the intent to cause or bring about the injury itself as a consequence of the conduct in question. Recently, however, the Eleventh Circuit Court of Appeals concluded that the latter construction is proper. Thus, a "willful and malicious injury" under Section 523(a)(6) requires a showing that a debtor acted knowingly with respect to the harm or injury caused as a result of his conduct. *See Hope v. Walker (In re Walker)*, 48 F.3d 1161 (11th Cir.1995); *see also Betts, supra,* 174 B.R. 636; *Bailey v. Chatham (In re Bailey),* 171 B.R. 703 (Bankr.N.D.Ga.1994). In other words, a showing that the act which caused injury was deliberate or voluntary is insufficient under Section 523(a)(6). It must be established that the defendant intended through his action or omission to cause the resulting injury to plaintiff or that he intentionally engaged in conduct with knowledge that such action or omission was substantially certain to cause such injury.

Given this legal standard and based on the present record, even if Defendant's failure to provide worker's compensation insurance was willful, Plaintiff has not shown that such failure to provide insurance coverage was intentionally done for the purpose of causing harm or knowingly done with full awareness of the substantial certainty of Plaintiff's subsequent injury. Similarly, Defendant's repeated claim that he believed in good faith that he was under no legal obligation to maintain same is irrelevant. The administrative law judge's finding regarding Defendant's willfulness in regard thereto refers either to Defendant's deliberate decision not to obtain such insurance, whatever the reason or excuse, or to his deliberate breach or disregard of his duty to do so. In either case, such a finding is insufficient for purposes of the analysis this Court must undertake pursuant to Section 523(a)(6). Whether Defendant's action or inaction was justified or whether it was reckless, Plaintiff still has not established that his injuries were deliberately or intentionally caused by Defendant.

As discussed above, the willfulness required by Section 523(a)(6) is not addressed to the commission or omission of the act in question, but instead focuses upon the purposeful or knowing commission or omission of an act with a sufficient appreciation of the certainty of the resulting consequences such that it may reasonably be concluded that the defendant desired to produce such results through his conduct. *See Walker, supra; Betts, supra.* Apart from a statement in his brief, which does not constitute evidence, Defendant has not put forth any evidence concerning such knowledge or the lack thereof.

Ordinarily, issues of intent are not subject to disposition via summary judgment. Based on the reasoning of the Eleventh Circuit in *Walker, supra,* however, a debtor's intent or knowledge is relegated to a secondary role in this analysis due to the apparent impossibility of a causal link between a deliberate failure to provide worker's compensation insurance coverage and an on-the-job accident. Thus, on the present facts, a willful and malicious injury cannot be established as a matter of law because Plaintiff's fall was not substantially certain to result from Defendant's decision not to obtain proper insurance. *See Walker, supra,* 48 F.3d at 1165.[2]

Based on the foregoing, the Court concludes that Defendant has demonstrated that he is entitled to a judgment as a matter of law. Accordingly, it is

**ORDERED** that Defendant's motion for summary judgment is **granted** and it is

---

2. Upon careful review of the holding in *Walker, supra,* this Court respectfully believes that a situation could possibly arise that creates a material factual issue concerning a defendant's state of knowledge in relation to his failure to obtain worker's compensation insurance and the occurrence of an accident with the corresponding economic loss to the laborer. For instance, the inherent danger of a specific task, coupled with the existence of a pattern of similar accidents, could well supply the necessary objective causal nexus between the deliberate act in question and the resulting injury. In such case, the defendant's appreciation of the likelihood of injury could become relevant under Section 523(a)(6).

**FURTHER ORDERED** that Plaintiff's motion for summary judgment is **denied.**

A separate written judgment will issue.

The Clerk is directed to serve a copy of this Order upon counsel for Plaintiff and counsel for Defendant.

**IT IS SO ORDERED.**