In re Paul A. BILZERIAN, Debtor.

SECURITIES AND EXCHANGE COMMISSION, Plaintiff,

v.

Paul A. BILZERIAN, Defendant.

Bankruptcy No. 91–10466–8P7.
Adv. No. 92–605.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 23, 1995.

Catherine M. Shea, Washington, DC, for plaintiff.

Paul A. Bilzerian, Tampa, FL, pro se defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

This is a Chapter 7 liquidation case and the matter under consideration is a claim to determine the non-dischargeability of a debt asserted by the Securities And Exchange Commission (SEC). The claim is presented in a one Count Complaint and is based on the contention that Paul A. Bilzerian (Debtor) obtained money by false pretenses, a false representation, or actual fraud, therefore, the liability of the Debtor, established by a Final Judgment entered on January 28, 1993, by the District Court for the District of Columbia in an action styled SEC v. Bilzerian, No. 89–1854 (SSH) (D.D.C.) shall be excepted from the overall protection of the general Bankruptcy discharge by virtue of § 523(a)(2)(A). The Final Judgment required the Debtor to disgorge the sum of $33,140,787.07 plus interest. On June 25, 1993, the District Court entered a separate Order which established the amount of the prejudgment interest to be disgorged by the Debtor as $29,196,812.46. Thus the total debt sought to be excepted by the SEC is $62,337,599.53.

The Complaint to Determine Dischargeability of Debt filed by the SEC was immediately contested by the Debtor. Specifically, the Debtor filed a Motion to Dismiss the Complaint and contended that the SEC had no standing to bring a Complaint challenging the dischargeability of a debt owed by him because the SEC is not a "creditor" within the meaning of the Bankruptcy Code. This Court agreed and granted the Debtor's Motion to Dismiss the Complaint. The SEC promptly filed a Notice of Appeal. On ap-

peal, the District Court agreed with the position of the SEC, reversed this Court's Order of dismissal, and reinstated the Complaint based on its conclusion that the SEC was in fact a creditor with standing to challenge the dischargeability of the debt established by the Final Judgment.

The immediate matter under consideration is a Motion for Summary Judgment filed by the SEC. In its Motion, the SEC contends that the Debtor is collaterally estopped from relitigating the issues underlying the Final Judgment ordering the Debtor to disgorge the amount stated above. Specifically, the Motion is based on the SEC's contention that the Debtor's conviction for violating certain provisions of the Securities and Exchange Act of 1934 operate as a bar to litigating the Debtor's liability for disgorgement based on the doctrine of collateral estoppel. Because the Debtor is precluded from relitigating these issues, the SEC contends that no genuine issues of material fact exist in this adversary proceeding and that the SEC is entitled to a judgment of nondischargeability as a matter of law.

In support of its Motion, the SEC filed a document entitled "Declaration of Catherine M. Shea in Support of SEC's Motion for Summary Judgment on Nondischargeability Complaint." In this Declaration, Catherine M. Shea (Shea) declares that she is an Assistant Chief Litigation Counsel with the SEC's Division of Enforcement, that she is principally responsible for the SEC's case against the Debtor, and that she is "familiar with the record in this matter." Shea then simply lists nine documents and states that "true and correct" copies of the documents are attached to the Declaration as exhibits. The documents attached to the Declaration consist of copies of the following:

(1) a Judgment and Probation/Commitment Order entered in a criminal proceeding against the Debtor;

(2) a partial transcript of a court proceeding.

Although the transcript is incomplete, unsigned, and cannot be identified from the exhibit, Shea states that it is a transcript of the judge's findings at the Debtor's sentencing hearing in his criminal case;

(3) a second partial transcript of a judicial proceeding.

Again, the transcript is incomplete, unsigned, and cannot be identified from the exhibit. Shea states that it is a transcript of the jury's answers to Special Interrogatories in the Debtor's criminal case.

(4) a third partial transcript of court proceedings.

This transcript is also incomplete, unsigned, and cannot be identified from the exhibit, although Shea states that it is a transcript of certain jury instructions in the Debtor's criminal case;

(5) a Declaration filed by the Debtor in a civil action in the District of Columbia in opposition to a Motion for Expedited Discovery by the SEC;

(6) an Order of Partial Summary Judgment and Final Judgment of Permanent Injunction against the Debtor in the District of Columbia civil action;

(7) the Order of Disgorgement entered against the Debtor, together with the Opinion accompanying the Order;

(8) the Order Regarding Calculation of Prejudgment Interest entered in the District of Columbia action;

(9) the Complaint to Determine Dischargeability of Debt filed by the SEC to commence this adversary proceeding.

Motions for Summary Judgment are governed by Rule 56 of the Federal Rules of Civil Procedure, as made applicable by Rule 7056 of the Bankruptcy Rules. Subsection (e) of that Rule specifically sets forth the requirements for Affidavits filed in support of Motions for Summary Judgment. That subsection provides that "[s]upporting and opposing affidavits shall be made on *personal knowledge,* shall set forth such facts as would be *admissible in evidence,* and shall show affirmatively that the affiant is competent to testify to the matters stated therein. *Sworn or certified copies* of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." (emphasis supplied.)

In this case, it is clear that the Declaration of Shea does not satisfy the requirements of

Rule 56. The Declaration is nothing more than a list of exhibits coupled with Shea's statement that the exhibits are "true and correct" copies of the original documents. The Declaration in no way establishes that Shea has any "personal knowledge" of the matters contained in the exhibits, and neither her statements nor the exhibits themselves would be admissible in evidence. The documents attached to the Declaration are not sworn, certified, or authenticated in any manner. In the absence of a competent affidavit or admissible documents to support the Motion for Summary Judgment, there is no basis in the record upon which this Court can grant the Motion.

Accordingly, it is

ORDERED, ADJUDGED, AND DE-CREED that the Motion for Summary Judgment on Nondischargeability Complaint filed by the Securities and Exchange Commission is hereby denied. It is further

ORDERED, ADJUDGED AND DE-CREED that a pretrial conference shall be scheduled before the undersigned in Courtroom C of the United States Bankruptcy Court, 4921 Memorial Highway, Tampa, Florida, on September 5, 1995 at 2:30 p.m. to prepare this matter for trial.

DONE AND ORDERED.