In the Matter of Cheryl
L. BUCCIARELLI,
Debtor.

Jeffrey Wayne Duncan, Diane
Sternlieb, Plaintiffs,

v.

Cheryl Lynn Bucciarelli, Defendant.

Bankruptcy No. 07–13114–WHD.
Adversary No. 08–1009–WHD.

United States Bankruptcy Court,
N.D. Georgia,
Newnan Division.

Feb. 22, 2010.

Jeffrey W. Duncan, Duncan Law, P.C., Tallapoosa, GA, for Plaintiffs.

Gary W. Brown, Harwell, Brown & Harwell, PC, Newnan, GA, for Defendant.

### *ORDER*

W. HOMER DRAKE, Bankruptcy Judge.

Before the Court is the Complaint of Jeffery W. Duncan and Diane Sternlieb (hereinafter the "Plaintiffs") for the determination of the dischargeability of a particular debt, pursuant to section 523(a)(2)(A), owed by Cheryl Lynn Bucciarelli (hereinafter the "Debtor"). This matter constitutes a core proceeding within the subject matter jurisdiction of the Court. *See* 28 U.S.C. § 157(b)(2)(I); § 1334. Following a trial held on December 8, 2009, the Court makes the following findings of fact and conclusions of law.

#### FINDINGS OF FACT

1. The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code in December 2007. *See* Case Number 07–13114–whd. Prior to filing her petition, the Debtor filed for divorce from her husband, Joseph S. Bucciarelli (hereinafter "Bucciarelli").

2. In January 2007, the Debtor entered into a written employment contract with Plaintiff Sternlieb (hereinafter the "Sternlieb Contract") for legal representation in her divorce from Bucciarelli. The Sternlieb Contract obligated the Debtor to pay Sternlieb a $2,000 initial retainer, which the Debtor paid.

3. The Debtor also hired Plaintiff Duncan (hereinafter the "Duncan Contract") to assist with the jury trial of her divorce.

4. The Debtor signed a promissory note agreeing to pay the Law Offices of J.W. Duncan, P.C. a fee of $25,000. The promissory note also granted Duncan a lien against the Debtor's interest in Bucciarelli's 401(k) plan.

5. The Debtor's divorce case never went to a jury trial, as the Debtor and Bucciarelli entered into a Settlement Agreement.

6. Together, the Plaintiffs billed the Debtor approximately $35,625 for attorney fees incurred in connection with the Debtor's divorce proceeding.

7. The Debtor did not pay the full amount of the Plaintiffs' attorney's fees, and the Plaintiffs brought suit against her in state court. That suit was stayed upon the filing of the Debtor's bankruptcy petition.

8. In February 2008, the Plaintiffs filed a Complaint to Determine Dischargeability of Debt against the Debtor. The Debtor filed her Answer and Defense to the Plaintiffs' Complaint in March 2008, and, in August 2008, the Debtor filed a motion for summary judgment. The Court denied the Debtor's motion for summary judgment by Order dated March 20, 2009. The matter came before this Court for trial on December 8, 2009.

## CONCLUSIONS OF LAW

 Under section 523(a)(2)(A) of the Bankruptcy Code, "[a] discharge under [section 727(a)] does not discharge an individual debtor from any debt … for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by … false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). Like other exceptions to discharge, section 523(a)(2) warrants narrow construction. *See Gleason v. Thaw*, 236 U.S. 558, 562, 35 S.Ct. 287, 59 L.Ed. 717 (1915); *Schweig v. Hunter (In re Hunter)*, 780 F.2d 1577, 1579 (11th Cir. 1986). The plaintiff bears the burden of establishing nondischargeability under section 523(a)(2). *Hunter*, 780 F.2d at 1579.

 To establish that a debt is excepted from discharge under section 523(a)(2)(A), the creditor must prove by a preponderance of the evidence that:

(1) the debtor made a false representation, other than an oral statement respecting the debtor's financial condition, with intent to deceive the creditor;

(2) the creditor actually relied on the misrepresentation;

(3) the creditor's reliance was justifiable; and

(4) the misrepresentation caused a loss to the creditor.

*See In re Bilzerian*, 100 F.3d 886, 892 (11th Cir.1996); *In re Johannessen*, 76 F.3d 347 (11th Cir.1996); *Grogan v. Garner*, 498 U.S. 279, 287, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

 In order to establish the first element, the creditor must prove that the debtor made a "false representation," other than an oral statement regarding the debtor's financial condition, with the intent to deceive the creditor. Additionally, a statement made with "reckless indifference to the truth is sufficient to bar a discharge" under section 523(a)(2)(A). *See Birmingham Trust Nat. Bank v. Case*, 755 F.2d 1474 (11th Cir.1985). "[F]raud may consist of silence, concealment or intentional non-disclosure of a material fact, as well as affirmative misrepresentation of a material fact." *Id.; see also Matter of Thomas*, 12 B.R. 765, 768 (Bankr.N.D.Ga. 1981) (Norton, J.). However, a statement of intent to perform an act in the future will not generally form the basis of a false representation that is actionable under section 523(a)(2)(A) unless the creditor can establish that the debtor lacked the subjective intent to perform the act at the time the statement was made. *See In re Allison*, 960 F.2d 481 (5th Cir.1992); *In re Bullock*, 317 B.R. 885 (Bankr.M.D.Ala. 2004); *Matter of Turner*, 12 B.R. 497 (Bankr.N.D.Ga.1981) (Norton, J.).

 Further, "[a]ctual fraud precluding discharge consists of any deceit, artifice, trick or design, involving the direct and active operations of the mind used to circumvent or cheat another; something said, done or omitted with the design of perpetrating what is known to be a cheat or deception." *In re Butler*, 277 B.R. 843, 848 (Bankr.M.D.Ga.2002). "As distinguished from false representation, which is an express misrepresentation[,] false pretense involves an implied misrepresentation or conduct intended to create and foster a false impression … and [i]t is well recognized that silence, or the concealment of a material fact, can be the basis of a false impression which creates a misrepresentation actionable under § 523(a)(2)(A).'" *In re Brandon*, 297 B.R. 308 (Bankr.S.D.Ga.2002) (internal citations omitted). As the debtor is unlikely to admit that she made a promise without the intent to perform or that she made a false statement or omission with the intent to

deceive the creditor, the court is permitted to infer such fraudulent intent from the facts and circumstances of the case. *See Bullock*, 317 B.R. at 890; *In re Hall*, 228 B.R. 483 (Bankr.M.D.Ga.1998).

As to the requirement of justifiable reliance, the court applies a subjective test to determine whether the creditor justifiably relied on a debtor's false statements. This requirement is not as exacting as the requirement of reasonable reliance. *See Field v. Mans*, 516 U.S. 59, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995); *In re Vann*, 67 F.3d 277, 283 (11th Cir.1995). Accordingly, the Court need not consider what a reasonable man would do or "apply a community standard of conduct" to each case. *Field v. Mans*, 516 U.S. at 70–71, 116 S.Ct. 437. In conducting this analysis, the "court examines the 'particular qualities and characteristics of the plaintiff and circumstances of the particular case.'" *In re Simpson*, 319 B.R. 256, 261 (Bankr. M.D.Fla.2003) (quoting *In re Vann*, 67 F.3d 277, 283 (11th Cir.1995)).

Here, the Plaintiffs allege that the Debtor promised to pay attorney's fees with no intention of paying. The evidence presented at trial persuades the Court that the Plaintiffs have met their burden of establishing that the Debtor did make a promise to pay the fees with no intent to do pay. Specifically, the testimony of Diane Sternlieb established that the Debtor herself admitted to Sternlieb that she never had any intent to pay the fees, but instead persuaded Sternlieb and Duncan to take on her case by falsely agreeing to pay the fees. This testimony was corroborated by the testimony of Kathy Norton. Norton, a friend of the Debtor, testified that the Debtor also admitted to Norton that she never had any intent to pay the legal fees and that she had already planned on filing a bankruptcy petition for the purpose of discharging these obligations. The

fact that Norton had previously testified in the Debtor's favor in her divorce trial and the lack of any evidence to suggest that Norton is not a credible or impartial witness, persuades the Court that Norton's testimony should be given more weight than the Debtor's denial of this conversation. Norton's testimony supports Sternlieb's version of the events that transpired in this case, and both witnesses persuaded the Court that the Debtor had no intent to pay these fees at the time she agreed to do so.

As to whether the Plaintiffs justifiably relied on the Debtor's promise to pay the fees from the expected recovery from the divorce proceedings, the Court has previously found in its March 20, 2009 Order that since the Debtor misrepresented her own subjective intent to pay, the Plaintiffs had no reason not to believe the Debtor. Even if the Debtor was in financial difficulty at the time, the Plaintiffs justifiably relied on her ability to pay the fees from the recovery of the 401k funds. No evidence was presented that the Plaintiffs had any reason to believe that a recovery would not be made, or that the Debtor would not use the divorce proceeding recovery to pay their fees.

As it is clear from the testimony and statements of the Plaintiffs that they would not have provided legal services to the Debtor if she had been honest about her lack of intent to pay their fees and her future plans to file bankruptcy, the Court finds that the debt incurred by the Debtor for legal fees is nondischargeable pursuant to section 523(a)(2)(A). The Plaintiffs presented evidence to support their claim that the fees were incurred for services provided to the Debtor in connection with her divorce, and the Defendant provided no evidence to suggest that the fees were not incurred. Accordingly, the

Plaintiffs have requested a judgment in the amount of the original debt, plus attorneys fees expended in litigating this matter in the Bankruptcy Court. The Court notes that such an award may be justified if the Plaintiffs have a statutory or contractual right to such fees. *See Tran-South Financial Corp. of Florida v. Johnson,* 931 F.2d 1505 (11th Cir.1991); *In re Alport,* 144 F.3d 1163 (8th Cir.1998). Assuming, without deciding, that such an entitlement to these fees and expenses exists, the Court will not award fees in addition to the original debt, as the Plaintiffs have presented no evidence regarding the amount of fees incurred.

## CONCLUSION

Having given this matter its careful consideration, the Court hereby concludes that the debt owed by the Debtor to Jeffrey W. Duncan in the amount of $10,625, and the debt owed by the Debtor to Diane Sternlieb in the amount of $25,000, is NONDISCHARGEABLE, pursuant to section 523(a)(2)(A). Judgment shall be entered in favor of the Plaintiffs against the Debtor.