**In re Steven Wayne CARROLL,**
**Debtor.**

**Steve Woodman, Movant,**

v.

**Steven Wayne Carroll, Respondent.**

**Bankruptcy No. 12–68379–BEM.**
**Adversary No. 12–05553.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Jan. 27, 2014.

Howard D. Rothbloom, The Rothbloom Law Firm, Marietta, GA, for Plaintiff.

Wade H. Everett, Wade H. Everett, P.C., Cartersville, GA, for Defendant.

## ORDER DENYING CROSS MOTIONS FOR SUMMARY JUDGMENT

BARBARA ELLIS–MONRO,
Bankruptcy Judge.

This matter comes before the Court on Plaintiff's "Motion for Summary Judgment, Statement of Material Facts as to which there is no Genuine Issues to be Tried, and Memorandum of Law in Support Thereof" (the "Motion") and Defendant–Debtor's Response and Motion for Summary Judgment. [Doc. No. 20, 24].

### I. Facts

Steven Wayne Carroll, Defendant, filed his chapter 7 bankruptcy petition on July 25, 2012. [Main Case, Doc. No. 1]. Steve Woodman, Plaintiff, filed a related adversary proceeding to determine dischargeability of debts on October 18, 2012 (the "Complaint"). [A.P. Doc. No. 1]. In his complaint, Plaintiff alleges that Defendant made false representations in regard in to business transactions and specifically, encumbrances on real property, with the intent to defraud Plaintiff. Plaintiff allegedly relied on these false representations, to his detriment, when making loans to Defendant. As a result of this conduct, Plaintiff alleges the amounts he is owed are non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). *Id.*

Defendant answered the Complaint on November 16, 2012. [Doc. No. 5]. Plaintiff filed his first Amended Complaint on December 27, 2012, to attached missing exhibits referenced in the Complaint (the "Amended Complaint"). [Doc. No. 6]. On May 21, 2013, Plaintiff filed a Motion to Amend the Complaint to add a claim under 11 U.S.C. § 523(a)(6). On September 24, 2013, Plaintiff filed a Motion for Summary Judgment on each of Plaintiff's claims. [Doc. No. 20]. However, the Motion to Amend was not granted until September 25, 2013. [Doc. No. 21]. A Second Amended Complaint was then filed on September 26, 2013, alleging that Defendant willfully and maliciously devalued and destroyed collateral pledged to Plaintiff to secure the loans, rendering the debts non-dischargeable under 11 U.S.C. § 523(a)(6) (the "Second Amended Complaint"). [Doc. No. 22].[1] On October 24, 2013, Defendant filed both his Response and Cross Motion for Summary Judgment, and the Amended Complaint (the "Response" and the "Cross Motion," respectively). [Doc. No. 24, 25]. In the Response, Defendant alleges that although Plaintiff did make two unsecured loans to Defendant, the later executed deeds to secure debt were given voluntarily, and any alleged "fraud" was the result of a misunderstanding of encumbrances on the property which resulted from Plaintiff's failure to engage in due diligence. In his Cross Motion, Defendant argues that he is entitled to a judgment as a matter of law because there are genuine issues of material fact in dispute and because Plaintiff's Motion demonstrates no fraud was intended or committed by Defendant. Finally, on November 8, 2013, Plaintiff filed a reply to the Response. [Doc. No. 26].[2]

1. While filing a Motion for Summary Judgment on an issue not yet before the Court is procedurally improper under Fed.R.Civ.P. 56, Defendant did not object to the § 523(a)(6) claim as procedurally improper, and responded to it on the merits. Thus, the Court will consider the request for summary judgment on the § 523(a)(6) claim.

2. In Plaintiff's "Response to Defendant's Motion for Summary and Reply to Defendant's Response," Plaintiff alleges that Debtor's Response and Motion for Summary Judgment should not be considered, as it was filed outside of the time limit specified by Bankruptcy Local Rule 7007–1(c). As the response was filed more than 21 days after the Motion, Plaintiff argues his Motion is unopposed. The Court acknowledges Debtor's Response was

Based on all documents of record, it appears Plaintiff asserts Defendant misrepresented his financial health by agreeing he would not further encumber his home, which Defendant later violated by increasing an equity line of credit against the house. However, the Court can only consider facts and documents that have been appropriately admitted into the record, and the various documents attached to the Motion and the Response are not supported by an affidavit, are not certified copies of original documents, or authenticated in any manner, and thus cannot be considered. *In re Bilzerian*, 188 B.R. 46, 48 (Bankr.M.D.Fla.1995); *see also West v. Nichols*, 2006 WL 2255706, *3 (N.D.Ga. 2006), *citing Woods v. City of Chicago*, 234 F.3d 979, 987–88 (7th Cir.2000) (stating that "a court may consider any material that would be admissible or usable at trial, including properly authenticated and admissible documents or exhibits).

The undisputed facts that are established are as follows: Defendant and Plaintiff are parties to litigation in the Superior Court of Cobb County in connection with the monies Plaintiff loaned to Defendant. [Doc. No. 22, 25; ¶ 4]. While Defendant denies that he executed two promissory notes in favor of Plaintiff in the total amount of $350,000, because service copies of the notes referenced in the Complaint and Amended Complaint were not attached, he does admit that the second note was a replacement note for a prior similar obligation entered into between the parties on March 30, 2006. [Doc. No. 22, 25; ¶¶ 5–7].[3] Defendant executed two deeds to secure debt on his primary residence in favor of Plaintiff. [Doc. No. 22,

25; ¶ 9]. The first secured a $250,000 note and was executed on March 30, 2006 and recorded on April 26, 2006. The second deed to secured debt secured a $100,000 note, was executed on November 7, 2006, and recorded on February 12, 2007. *Id.* Finally, Defendant represented to Plaintiff that his water supply company had a contract through which it supplied and/or dispensed water in Lowe's stores throughout the Southeast. [Doc. No. 22, 25; ¶¶ 8, 11].

## II. Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, applicable to this Court in accordance with Rule 7056 of the Federal Rules of Bankruptcy Procedure, summary judgment is appropriate only if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Material facts are those which might affect the outcome of a proceeding under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Further, a dispute of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party has the burden of establishing its entitlement to summary judgment. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991). The moving party must identify the pleadings, discovery materials, or affidavits that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S.

late, but even unopposed, but the lack of opposition would not alter the ruling in this case.

**3.** Plaintiff's initial Complaint, Doc. No. 1, failed to attach referenced Documents.

Plaintiff Amended his Complaint to attach the documents on December 27, 2012, [Doc. No. 6], but failed to attach the documents to the Amended Complaint in which the § 523(a)(6) claim was added. [Doc. No. 22].

317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once this burden is met, the non-moving party cannot merely rely on allegations or denials in its own pleadings. *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 918 (11th Cir.1993). Rather, the nonmoving party must present specific facts supported by evidence that demonstrate there is a genuine material dispute. *Id.* When the material facts are not in dispute, the role of the Court is to determine whether the law supports a judgment in favor of the moving party. *Anderson*, 477 U.S. at 250, 106 S.Ct. 2505.

## III. Conclusions of Law

### 1. Non-dischargeability under 11 U.S.C. § 523(a)(2)(A)

#### A. § 523(a)(2)(A) Standard

■ The primary purpose of our bankruptcy system is a "fresh start" for the honest but unfortunate debtor. *Local Loan Co. v. Hunt*, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934); *Perez v. Campbell*, 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971). Because of this clearly stated policy, exceptions to discharge are generally construed narrowly against a creditor and liberally in favor of the debtor. Thus, the creditor has the burden to prove each element necessary under § 523(a)(2). *See Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Section 523(a)(2)(A) of the Bankruptcy Code provides that a debt is excepted from discharge if it is:

> (2) for money, property, services, or an extension, renewal, or refinancing of credit to the extent obtained, by—
>
> > (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

In order to prevail under § 523(a)(2)(A), Plaintiff must establish that:

> (1) The debtor made a false representation, other than an oral statement respecting the debtor's or an insider's financial condition, with intent to deceive the creditor;
>
> (2) The creditor actually relied on the misrepresentation;
>
> (3) The reliance was justifiable; and
>
> (4) The misrepresentation caused a loss to the creditor.

*See Advance Financial Corp. v. Gross (In re Gross)*, 2011 WL 3881015, 2011 Bankr.LEXIS 3273 (Bankr.N.D.Ga.2011) (*citing In re Bucciarelli*, 429 B.R. 372, 375 (Bankr.N.D.Ga.2010) (*citing In re Bilzerian*, 100 F.3d 886, 892 (11th Cir.1996))).

■ In order to establish the first element of Plaintiff's claim under § 523(a)(2)(A), Plaintiff must prove that Defendant made a false representation with the intent to deceive Plaintiff. "The false representation may come in the form of an express misrepresentation, an implied misrepresentation, or 'conduct intended to create and foster a false impression.'" *Id.* at *3, 2011 Bankr.LEXIS 3273 at *9 (*citing, In re Callaway*, 2006 WL 6589022, at *19–20, 2006 Bankr LEXIS 3575, *61 (Bankr.N.D.Ga.2006)). The debtor need not have received the money directly in order for a debt to be nondischargeable under § 523(a)(2)(A), rather the debtor need only have benefited from money obtained through false pretenses, a false representation, or actual fraud. *Id.* Courts may infer the required intent to deceive from the facts and circumstances of the case, but "if there is room for an inference of honest intent, the question of nondischargeability must be resolved in the debtor's favor." *See Advance Financial Corp. v. Gross (In re Gross)*, 2011 WL 3881015, 2011 Bankr.LEXIS 3273 (Bankr. N.D.Ga.2011) (*citing, In re Callaway*, 2006 WL 6589022, 2006 Bankr.LEXIS 3575

(quoting *In re Collier,* 231 B.R. 618 (Bankr.N.D.Ohio 1999))).

■ Plaintiff must also prove that he justifiably relied on Defendant's representation to his detriment. The United State Supreme Court determined that under § 523(a)(2)(A), a creditor must establish that he justifiably relied on the representations, a less rigid standard than reasonable reliance found in other sections of the Bankruptcy Code, which requires the Court consider what a reasonable person would do, instead of what the specific party would do. *See In re Montgomery,* 489 B.R. 609, 626 (Bankr. N.D.Ga.2013) (J. Diehl); *citing Field v. Mans,* 516 U.S. 59, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995). "The standard of justifiable reliance requires bankruptcy courts to apply a subjective test to determine whether a creditor justifiably relied on a debtor's misrepresentation." *In re Montgomery,* 489 B.R. at 626; *citing In re Bucciarelli,* 429 B.R. 372, 376 (Bankr. N.D.Ga.2010) (J. Drake).

### B. Analysis

■ There are not sufficient undisputed facts to prove any of the elements necessary to prevail under § 523(a)(2)(A). The only facts established in this proceeding are that Plaintiff made two loans to Defendant in relation to his water-supply company, and executed two deeds to secure debt on his primary residence in favor of Plaintiff. [Doc. No. 22, 25; ¶¶ 5–7, 9]. There are no undisputed material facts regarding any misrepresentations or intent to deceive. Furthermore, there are no facts supporting the conclusions that Plaintiff justifiably relied on any of Plaintiff's statements to his detriment.

### 2. Non–Dischargeability under 11 U.S.C. § 523(a)(6)

Section 523(a)(6) of the Bankruptcy Code provides that a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" is excepted from discharge. 11 U.S.C. § 523(a)(6). The plaintiff must show that the Defendant actually intended to do what he is charged with doing. *In re Homer,* 168 B.R. 790, 805 (Bankr.N.D.Ga. 1994).

### A. Proving "Willful" Conduct

■ The Eleventh Circuit has held that "proof of 'willfulness' requires 'a showing of an intentional or deliberate act, which is not done merely in reckless disregard of the rights of another.'" *In re Jennings,* 670 F.3d 1329, 1334 (11th Cir. 2012); *citing In re Walker,* 48 F.3d 1161, 1163 (11th Cir.1995). "[A] debtor is responsible for a 'willful' injury when he or she commits an intentional act the purpose of which is to cause injury or which is substantially certain to cause injury." *In re Walker,* 48 F.3d at 1165. Further, the Supreme Court of the United States has held that § 523(a)(6) requires that in addition to intending the act that lead to an injury, an actor must intend the injury itself, in contrast to an injury which results from recklessness or negligence. *Kawaauhau v. Geiger,* 523 U.S. 57, 61–62, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998); *see also In re Walker,* 48 F.3d at 1163 (stating that demonstrating "willful" behavior requires "a showing of an intentional or deliberate act, which is not done merely in reckless disregard of the rights of another").

### B. "Malicious" Conduct

■ Within the context of § 523(a)(6), "malicious" means "wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill-will." *In re Ikner,* 883 F.2d 986, 991 (11th Cir.1989); *citing In re Latch,* 820 F.2d 1163, 1166 (11th Cir.1987). The Eleventh Circuit has found that a party need not

prove specific intent to harm another, as malice can be implied or constructive, "if the nature of the act itself implies a sufficient degree of malice." *In re Walker,* 48 F.3d at 1164; *citing In re Ikner,* 883 F.2d at 991. While a finding of reckless disregard will not satisfy the "willful" requirement, it is sufficient to establish malice. *In re Rebhan,* 842 F.2d 1257, 1262–63 (11th Cir.1988).

## C. Analysis

 As was the case with Plaintiff's claim under § 523(a)(2)(A), there are not sufficient undisputed material facts to support a judgment on Plaintiff's § 523(a)(6) claim. Plaintiff has to prove that Defendant engaged in a "willful and malicious" act in which Defendant intended his actions and the resulting injury. Plaintiff has to prove that the act was motivated by malice, which can be done indirectly though constructive or implied acts. Again, the only undisputed facts before the Court are that Plaintiff extended two loans to Plaintiff purportedly based on statements made about a water supply business, and was later given two deeds to secure debt. [Doc. No. 22, 25; ¶¶ 5–7, 9].There are no undisputed facts regarding intent, much less evidence regarding a willful and malicious intent. Furthermore, summary judgment "is often not appropriate where intent is at issue." *Lewis–Webb v. Qualico Steel Co., Inc.,* 929 F.Supp. 385, 392 (M.D.Ala.1996). Issues of intent are inherently fact based, and require a detailed inquiry by the Court, which is not possible at this point in the case with the evidence provided. *In re Bankest Capital Corp.,* 374 B.R. 333, 346 (Bankr.S.D.Fla. 2007).

As previously stated, summary judgment is appropriate when there are no genuine issues of material fact, unlike the case at hand, in which the majority of the facts in the Complaint and the Second Amended Complaint are denied, with explanation, by the Defendant, and very few facts are established by the material filed in support of the Motion.

### 3. Defendant's Cross Motion for Summary Judgment

Defendant alleges in his Cross Motion that Plaintiff does not establish sufficient undisputed facts to entitle him to a judgment in his favor. [Doc. No. 24]. Additionally, Defendant argues that the facts plead by Plaintiff prove that Defendant lacked the requisite intent to find the debt nondischargeable, thus entitling Defendant to judgment in his favor. The documents attached to the Cross Motion consist of copies of a deed to secure debt and an appraisal report. [Doc. No. 24, Ex. 1 and 2]. As discussed above, because these exhibits are neither certified copies, nor authenticated in any manner, they cannot be considered by the Court. As such, the Court can only consider the pleadings of the Defendant without any supporting evidence or exhibits, and for this reason, the Cross Motion fails for the same reasons Plaintiff's Motion fails.

There are insufficient undisputed facts to allow the Court to grant a summary judgment motion for either party. However, it should be noted that while there are insufficient undisputed facts to render a judgment, the facts presented, when construed in favor of the Plaintiff, do indeed state a claim for relief.[4] The complaint is

---

4. Plaintiff's complaint amounts to more than "an unadorned-the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S.Ct. 1937, 1949, 173

L.Ed.2d 868 (2009). "To survive ... a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has

not so devoid of factual allegations as to warrant a dismissal, but lacks sufficient facts to allow for entry of summary judgment.

Furthermore, the issue of intent has not been proven. While Defendant contends that Plaintiff's pleadings prove he did not have the requisite intent necessary for a finding of nondischargeability under 11 U.S.C. § 523(a)(2)(A) or (a)(6), the Court disagrees. All the pleadings show is that there is a disagreement as to Defendant's intent, which will have to be proven at trial.

## IV. Conclusion

The Court lacks sufficient facts to grant Summary Judgment to either party. There are material issues of fact in dispute, and the record does not contain suffi-

cient evidence to support judgment under §§ 523(a)(2)(A) or (a)(6). Accordingly,

IT IS ORDERED that Plaintiff's Motion for Summary Judgment is DENIED.

IT IS FURTHER ORDERED that Defendant's Cross Motion for Summary Judgment is DENIED.

IT IS FURTHER ORDERED that the Parties are directed to file a joint status report regarding any additional discovery necessary prior to trial, or if no further discovery is needed, a joint pretrial order under local rule 7016–2 shall be filed within 30 days of the date hereof.

---

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544,

570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007) (internal citations omitted)).