IN RE: Bobbie Yvonne ROBINSON–
VINEGAR, Debtor.

Albert Washington and Gina Gordon–
Washington, Plaintiffs,

v.

Bobbie Yvonne Robinson–
Vinegar, Defendant.

CASE NO. 15–71777–PMB
ADVERSARY PROCEEDING
NO. 16–5136

United States Bankruptcy Court,
N.D. Georgia, Atlanta Division.

Signed November 18, 2016

Filed: 11/21/2016

M. Denise Dotson, M. Denise Dotson, LLC, Atlanta, GA, for Plaintiffs.

Karen King, King & King Law LLC, Atlanta, GA, for Defendants.

## ORDER

Paul Baisier, U.S. Bankruptcy Court Judge

■ Before the Court is the Motion of Defendant–Debtor (the "Debtor") for Summary Judgment filed on August 15, 2016 (Docket No. 8) (the "Motion") with regard to the Complaint (Docket No. 1) of Plaintiffs named above (the "Plaintiffs"). The Debtor's Answer is also set forth in this pleading.[1] In the Motion, the Debtor seeks a dismissal of the Complaint arguing that Plaintiffs have failed to state a claim with sufficient particularity. Plaintiffs filed a response and brief in opposition to the Motion on September 20, 2016 (Docket No. 13) (the "Response"), asserting that the Complaint contains sufficient facts to establish a basis for relief warranting a denial of the Motion, or, alternatively, requesting leave to amend the Complaint.[2] Upon review of the record, the Court will grant the Motion but permit Plaintiffs to amend the Complaint.

1. A similar document bearing Adversary Proceeding No. 16–5007 was filed on August 14, 2016 (*see* Docket No. 7) and corrected by the Motion addressed herein.

2. In addition, although they are represented by counsel in this matter, Plaintiffs also filed a letter, evidently independent from their attorney, along with copies of other documents in support of their claim for relief, on September 26, 2016. (Docket No. 14). When represented by counsel, parties should proceed through their attorney.

3. Although styled as a motion for summary judgment, the Debtor actually cites Rules 9(b) and 12(b)(6) in support of the Motion. *See* Federal Rules of Civil Procedure 9(b) and 12(b), incorporated herein through Federal Rule of Bankruptcy Procedure 7009 and 7012(b), respectively. As such, and notwithstanding the material filed by Plaintiffs apart

■ Under Rule 12(b)(6), a dismissal should be granted if a complaint fails "to state a claim upon which relief can be granted."[3] This Rule is read in conjunction with Rule 8(a), which requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed.R.Civ.P. 8(a)(2), and Fed.R.Bankr.P. 7008. Under this standard, "to survive a motion to dismiss, a complaint must now contain factual allegations that are 'enough to raise a right to relief above the speculative level.'"[4] In considering a motion to dismiss, the Court limits its inquiry to the legal feasibility of the complaint and whether it contains facts and not just labels or conclusory statements. In addition, under Rule 9(b), fraud must be pled with particularity and, even though malice and intent may be alleged generally, facts regarding the time, place, and content of any alleged misrepresentations should be presented. *United States v. Baxter Intern., Inc.*, 345 F.3d 866, 883 (11th Cir. 2003); *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1370–71 (11th Cir. 1997).

from their counsel at Docket No. 14, which could arguably be construed as converting the Response into a cross-motion for summary judgment, the Court will construe the Motion as seeking dismissal for failing to set forth their allegations of fraud with more particularity, and failing to state a claim upon which relief may be granted. The Court further notes that a motion asserting defenses, which can be construed as seeking dismissal on grounds of Rule 12(b)(6), should be filed prior to the answer. *See* Rule 12(b).

4. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007), quoted in *Berry v. Budget Rent A Car Systems, Inc.*, 497 F.Supp.2d 1361, 1364 (S.D.Fla. 2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010).

■ In their two-count Complaint, Plaintiffs seek a determination that certain indebtedness arising from two loans, one made by each Plaintiff to the Debtor, should be excepted from discharge in this Chapter 7 case under 11 U.S.C. §§ 523(a)(2)(A) and/or 523(a)(6).[5] As asserted in Count I, Section 523(a)(2)(A) excepts a debt from discharge when it arises in connection with a debtor's commission of "positive or actual fraud involving moral turpitude or intentional wrongdoing."[6] In addition, "legal or constructive fraud, which involves an act contrary to a legal or equitable duty that has a tendency to deceive, yet not originating in an actual deceitful design, is insufficient." *Raccuglia, supra*, 464 B.R. at 485, citing *Agricredit Acceptance Corp. v. Gosnell (In re Gosnell)*, 151 B.R. 608, 611 (Bankr. S.D.Fla. 1992); *Burroughs v. Pashi (In re Pashi)*, 88 B.R. 456, 458 (Bankr. N.D.Ga. 1988).

■ To obtain relief under Section 523(a)(2)(A), therefore, it must be shown that the Debtor obtained money, property or credit from the Plaintiffs: (1) by false representation, pretense, or fraud; (2) knowingly made or committed; (3) with the intent to deceive or to induce acting on same; (4) upon which the Plaintiffs actually and justifiably relied; and (5) from which the Plaintiffs suffered damages, injury or loss as a proximate result.[7] This exception to dischargeability addresses deceit or artifice rooted "in a specific intent to mislead, trick, or cheat another person or entity," and the intent to deceive may be shown using circumstantial evidence in relation to the totality of a situation. *Raccuglia*, 464 B.R. at 485.[8] Beyond affirmative misrepresentation, fraud may consist in intentional silence or concealment of a material fact. *FCC Nat'l Bank v. Gilmore (In re Gilmore)*, 221 B.R. 864, 872 (Bankr. N.D.Ala. 1998); *see also Duncan v. Buc-*

---

5. In the Complaint, the Plaintiffs refer to two separate loans whereby Plaintiff Albert Washington lent the Debtor the sum of $15,000.00 and Plaintiff Gina Gordon–Washington lent the Debtor the sum of $18,000.00. A copy of a handwritten promissory note for each loan is attached to the Complaint. Under Count I, the Complaint refers only to the $15,000.00 loan, but reading the pleading as a whole, and since the Answer appears to address both loans, and it also appearing that these loans were made for the same business purpose as part of one contemporaneous transaction, the Court will construe the Complaint as seeking relief with respect to both obligations.

6. *Bracciodieta v. Raccuglia (In re Raccuglia)*, 464 B.R. 477, 485 (Bankr. N.D.Ga. 2011). Section 523(a)(2)(A) provides in pertinent part as follows:

    (a) A discharge under section 727 ... does not discharge an individual debtor from any debt—

    (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

    (A) false pretenses, a false representation, or actual fraud, other than a

statement respecting the debtor's or an insider's financial condition ....

11 U.S.C. § 523(a)(2)(A). These elements must be proven by a preponderance of the evidence. *See Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991); *League v. Graham (In re Graham)*, 191 B.R. 489, 493 (Bankr. N.D.Ga. 1996); *accord City Bank & Trust Co. v. Vann (In re Vann)*, 67 F.3d 277 (11th Cir. 1995).

7. *Blosser v. Boggus (In re Boggus)*, 479 B.R. 147, 154 (Bankr. N.D.Ga. 2012), citing *HSSM #7 Ltd. Pshp. v. Bilzerian (In re Bilzerian)*, 100 F.3d 886, 892 (11th Cir. 1996); *Sterling Factors, Inc. v. Whelan (In re Whelan)*, 245 B.R. 698, 705–06 (N.D.Ga. 2000); *Lusk v. Williams (In re Williams)*, 282 B.R. 267, 272 (Bankr. N.D.Ga. 2002).

8. Reckless disregard for the truth or falsity of a statement can also furnish the necessary basis for a determination of nondischargeability in the appropriate circumstances. *Birmingham Trust Nat'l Bank v. Case*, 755 F.2d 1474, 1476 (11th Cir. 1985), *superseded on other grounds* by Pub.L.No. 98–353, 98 Stat. 333 (1984).

*ciarelli (In re Bucciarelli)*, 429 B.R. 372, 375–76 (Bankr. N.D.Ga. 2010).

As the Debtor properly observes, to assert a claim under Section 523(a)(2)(A) for false representation, the Plaintiffs must allege more than a representation of an intent to perform a certain act in the future. *See Wells Fargo Bank, N.A. v. Farmery (In re Farmery)*, 2014 WL 2986630, *2, 2014 Bankr. LEXIS 2865, *5 (Bankr. N.D.Ga. Apr. 11, 2014), citing *Bucciarelli, supra*, 429 B.R. at 375. Rather, it must be shown that when the Debtor entered into the loan agreement with the Plaintiffs she knew then either that she could not repay the loans or that she did not intend to repay them. *See Bropson v. Thomas (In re Thomas)*, 217 B.R. 650, 653 (Bankr. M.D.Fla. 1998); *American Surety & Cas. Co. v. Hutchinson (In re Hutchinson)*, 193 B.R. 61, 65 (Bankr. M.D. Fla. 1996). In addition, an inability to pay does not give rise to the inference that the Debtor intended not to repay the loans as an actual fraud. *Farmery*, 2014 WL 2986630 at *2, 2014Bankr. LEXIS 2865 at *5–*6 (cite omitted).[9]

The Plaintiffs maintain that their factual allegations, if accepted as true, establish grounds for relief under Section 523(a)(2)(A). In the Complaint, they pled that the parties entered into a contractual agreement whereby the Debtor borrowed funds to use in connection with Harold's Chicken in Atlanta as evidenced by two (2) promissory notes. Plaintiffs further assert that the Debtor took advantage of the parties' friendship by inducing them to lend her the money. Whether or not the proceeds were actually used for this business purpose, the Plaintiffs allege that these loans have not been repaid, and further, that the Debtor borrowed the money from them knowing that she never intended to repay it and they have been harmed as a result.

The Debtor admits in her Answer that these loans have not been repaid. In the Motion, however, the Debtor asserts that the Plaintiffs have failed to plead with sufficient particularity specific facts and circumstances in connection with their claims under the above-cited provisions. For instance, Debtor states that the Plaintiffs must set forth the nature and timeframe of the injury at issue including specific facts pertaining to the statements and/or actions they maintain constitute misrepresentations and deception, and support the basis of their reliance thereon in making these loans and leading to their financial loss. Further, according to the Debtor, the Plaintiffs fail to offer sufficient allegations regarding Debtor's intent to act in a fraudulent manner, offering instead conclusory statements that the Debtor did not intend to repay the loans.

In accordance with the above standards, the Court finds that the Complaint fails to allege a sufficient factual basis pertaining to specific actions and conversations, including time, place, and content, from which to plausibly infer that the Debtor made a misrepresentation about the subject loans with intent to deceive. Further, the Complaint does not allege facts re-

---

9. The Court further notes that issues of intent or state of mind or fraud are typically not appropriate for disposition on summary judgment, and findings on such disputes only occur after the Court hears testimony and observes demeanor under examination at trial. Along with proving Debtor's intent, Plaintiffs will also need to establish the grounds for their reliance as "justifiable reliance is a subjective standard measured by the individual creditor's own capacity, knowledge, and information." *Love v. Barner (In re Barner)*, 2012 WL 987621, *2 (Bankr. N.D.Ga. Feb. 28, 2012); *Vann*, 67 F.3d at 283. *See also Field v. Mans*, 516 U.S. 59, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995). This observation is valid for Count II as well since it also implicates fact issues pertaining to the Debtor's state of mind and intent as discussed below.

garding the nature and extent of the parties' relationship as a context for such claimed misrepresentation, and circumstances surrounding execution of the promissory notes. The Complaint also does not provide a sufficient factual basis to infer Plaintiffs' justifiable reliance on Debtor's alleged false representation. In terms of actual fraud, the Complaint similarly fails to offer facts supporting the conclusory statement that the Debtor did not intend, or knew she lacked the ability, to repay the loans when they were made. As currently pled, the Complaint simply does not present a sufficient basis to make a plausible claim under Section 523(a)(2)(A) and support the inference that the misconduct alleged, if proven, supports a finding of nondischargeability. *Cf. Farmery, supra,* 2014 WL 2986630 at *1, 2014 Bankr. LEXIS 2865 at *2–*3.

Next, with regard to the Plaintiffs' allegations in Count II of the Complaint, the Court observes that under Section 523(a)(6) a willful and malicious injury is limited to acts, such as intentional torts, committed with an actual intent to cause injury as distinguished from acts taken intentionally that result in injury. *See Kawaauhau v. Geiger,* 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998); *see also Hope v. Walker (In re Walker),* 48 F.3d 1161 (11th Cir. 1995). This distinction recognizes that reckless conduct that results in injury characterized by an entire want of care or conscious indifference to the result is not adequate in accordance with the legal standard set forth in this discharge exception. In other words, Section 523(a)(6) only applies when a debtor intends the injury caused by his actions. It does not cover a failure to meet a duty of care that leads to injury. *See Boggus, supra,* 479 B.R. at 157, citing *Herndon v. Brock (In re Brock),* 186

B.R. 293 (Bankr. N.D.Ga. 1995); *Myrick v. Ballard (In re Ballard),* 186 B.R. 297, 299–301 (Bankr. N.D.Ga. 1994).

As noted in *Henderson v. Woolley (In re Woolley),* 288 B.R. 294, 301–02 (Bankr. S.D.Ga. 2001), whereas *Geiger* may appear to have generally narrowed the scope of this subsection to "trespassory intentional torts," the requisite state of mind has been analyzed further in the case law. Examining Eleventh Circuit precedent in *Walker,* the court in *Woolley* found that evidence of a "debtor's personal substantial certainty" in relation to the injury caused by his actions remains essential under Section 523(a)(6), as contrasted with a purely objective or reasonable person test that could reimpose the "previously rejected 'reckless disregard standard.'" 288 B.R. at 302; quoted in *Boggus,* 479 B.R. at 157; *accord Miller v. J.D. Abrams, Inc. (In re Miller),* 156 F.3d 598 (5th Cir. 1998) (allowing either an objective or a subjective finding to satisfy willful and malicious injury).[10]

In Count II (¶ 35), Plaintiffs allege that the Debtor "willfully and knowingly breached her contractual obligations" under their loan agreement by failing to repay what she owed. Although Plaintiffs allege that Debtor "never intended to repay the loans," the Complaint also includes statements that Debtor's "knowingly failing to remit the amount due" after obtaining the loan and "despite repeated representations that payments were forthcoming prior to the bankruptcy filing" that Debtor "knew or should have known" would cause harm and amount to a nondischargeable claim under Section 523(a)(6). *See* Complaint, ¶¶ 36–40.

Such imprecise allegations demonstrate why courts must be careful simply equating a breach of contract with actions

---

**10.** The Eleventh Circuit has recently observed that this question remains an open issue in this circuit. *Kane v. Stewart Tilghman Fox &* *Bianchi, P.A. (In re Kane),* 755 F.3d 1285, 1293 (11th Cir. 2014).

resulting in willful and malicious injury. The fact that Debtor should have known Plaintiffs would suffer loss if she did not repay the loan does not necessarily establish the type of injury in view under Section 523(a)(6). Moreover, the debt itself must have originated from willful and malicious action and such conduct, when occurring after a debt is created, is not sufficient to render the debt nondischargeable pursuant to this exception. *See Modi v. Virani (In re Virani),* 2016 WL 429787 (Bankr. N.D.Ga. Jan. 29, 2016).[11]

■ Assuming the veracity of any well-pleaded allegations to the extent made by Plaintiffs herein, the Court concludes that they do not " 'plausibly give rise to an entitlement to relief.' " *See generally American Dental,* 605 F.3d at 1290, quoting *Iqbal,* 556 U.S. at 679, 129 S.Ct. at 1950. Similar to the analysis stated above, the Complaint fails to allege sufficiently that the Debtor acted with a specific intent to cause economic injury, or knew injury was substantially certain to result, from his failing to remit payment on the subject loans. For instance, the Plaintiffs' allegations in ¶¶ 36 and 37 seem to expand the focus on Debtor's intent and knowledge to both the time when the loans were made up to the time before the bankruptcy filing. Further, a knowing breach of contract or failure to act without more does not support a plausible inference of maliciousness as Plaintiffs must allege aggravating circumstances, such as the scope of injury that would necessarily be caused or further allegations about the relations between the parties.

Accordingly, based upon the above discussion, it is

. **ORDERED** that the Motion be, and the same hereby is, **granted** but only to the extent that the Plaintiffs are allowed through and including **thirty (30) days** from entry of this Order within which to file an amended complaint responsive to the assertions in the Debtor's Motion and this Court's Order herein, the Court granting such leave as justice requires in accordance with Fed.R.Civ.P. 15(a) and Fed. R.Bankr.P. 7015.

The Clerk is directed to serve a copy of this Order upon the Defendant–Debtor, counsel for the Defendant–Debtor, counsel for the Plaintiffs, the Chapter 7 Trustee, and the United States Trustee.

---

11. Finally, as seen in this case, conduct in allegedly procuring a loan through fraud, as used to assert a claim under Section 523(a)(6), can be asserted to support a claim under Section 523(a)(2). The Court notes it has been observed that the specific requirements and limitations of Section 523(a)(2), which address fraud directly, should not be conceded to any perceived expediency in using Section 523(a)(6). *See* 4 COLLIER ON BANKRUPTCY ¶ 523.12 [1]–[3] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).